**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**DAWSEY LANCE BROWN**                                                    **PLAINTIFF**

**v.**                              **Case No. 3:22-cv-00085 KGB**

**ARKANSAS FLOORING
CONTRACTORS, LLC,
and JOHN DOES 1–4**                                          **DEFENDANTS**

**<u>PROTECTIVE ORDER</u>**

Before the Court is plaintiff Dawsey Lance Brown's motion for protective order (Dkt. No. 24).  Mr. Brown represents that Dr. Owen Kelly, an expert witness for defendant Arkansas Flooring Contractors, LLC, objected to the production of certain documents and is willing to make other documents available only upon entry of a protective order (*Id.*, ¶¶ 1–2).  Mr. Brown further represents that individual counsel for Dr. Kelly and counsel for Mr. Brown negotiated the proposed protective order that is attached to the motion for protective order and that counsel for Dr. Kelly has agreed to the entry of the proposed protective order (*Id.*, ¶¶ 3–4).  Counsel for Arkansas Flooring Contractors, LLC, has represented informally to the Court and all counsel that it does not object to the entry of the proposed protective order, with the understanding that all parties reserve the right to challenge the admissibility of any documents produced and that Arkansas Flooring Contractors, LLC, maintains an objection to the production of any privileged material that may be requested.

For good cause shown, the Court grants the parties' joint motion for agreed protective order, consistent with the following terms (*Id.*).  The Court orders as follows:

1.      The Confidential Materials, as later defined herein, obtained from Dr. Owen Kelly, or his representatives or agents, some or all of which Dr. Kelly has agreed to produce even though

Dr. Kelly is not a party to this action, shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available, made known, disclosed, discussed, publicized, disseminated, or communicated, in any manner, to anyone except "Qualified Persons" as such is later defined herein.

      2.     Confidential Materials are defined as:

      (a)     Any and all documents, including tax returns, tax forms, tax schedules, tax reports, and tax basis documents as may be produced by Dr. Kelly and designated to be Confidential Materials and subject to this Protective Order.  Any and all copies, reproductions, summaries, notes, synopses, or any other memorialization of the Confidential Materials, or the information contained therein, shall also be deemed Confidential Materials subject to this Protective Order.

      (b)     Any information concerning the Confidential Materials as set forth in 2(a) hereinabove as may be contained within transcripts, deposition testimony, trial testimony, affidavits, exhibits, briefs, memoranda, discovery responses, writings or any other documents obtained by subpoena, or other documents or pleadings in this litigation.  With respect to depositions or other testimony, a party or witness may, by statement on the record or by other agreement of counsel, designate any portion of testimony as Protected Information.  Any party or witness present who is allowed by this Protective Order to receive the Protected Information, as designated, may remain present during the scope of the questioning with regard to subjects so designated, while all other persons shall be excused until questioning regarding non-Protected Information has resumed.  In addition, the party or witness may, by letter to all counsel of record, designate any portion of the testimony as Protected Information any time up to 30 days after actual

receipt of the final transcript of the testimony.  Until the end of the 30-day period or until an earlier designation is made by counsel, the entire testimony shall be treated as Confidential.

3.     No Confidential Materials may be disclosed to any person other than "Qualified Persons" who shall be defined to include any and all counsel of record for the plaintiff and the defendant, respectively, in this action, and any and all secretaries, paralegals, and other employees of such counsel who are actively engaged in assisting counsel in connection with this action, as well as the Court, court reporters, the jury if this matter goes to trial, and any possible Arkansas and appellate court, solely in connection with this action.

4.     This Protective Order shall not bar any attorney herein, in the course of rendering advice to his or her client with respect to this litigation, from conveying to any party client his or her evaluation in a general way of the Confidential Materials produced or exchanged herein; provided, however, that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any Confidential Materials produced by Dr. Kelly, which disclosure would be contrary to the Protective Order.

5.     Such Confidential Materials as may be required to be filed with this Court and with the Clerk of this Court, if at all, shall be filed under seal with notation of the application of this Protective Order.  Only the Court, Court personnel, and counsel for the parties shall have access to the sealed record in this proceeding.

6.     This Protective Order, insofar as it restricts the disclosure, dissemination, communication, and use, in any way, of the Confidential Materials, shall continue to be binding through and after the conclusion of this litigation, whether by dismissal, judgment, or settlement. At the conclusion of this action, including all appeals:

(a)     Counsel for plaintiff and defendant, respectively, shall reclaim all Confidential Materials, including correspondence, memoranda, notes, or any other documents embodying such information, in whole or in part, and counsel shall return all copies of such Confidential Materials to Dr. Kelly.

(b)     Counsel for plaintiff and defendant, respectively, and all Qualified Persons, are enjoined from ever disclosing in any manner any Confidential Materials obtained during the course of this proceeding except as permitted by this Protective Order.  Severe sanctions will attach to any person who violates this Protective Order.

(c)     All Confidential Materials filed with the Court, if any, shall be filed under seal and, if requested by motion and for good cause shown, shall be returned to Dr. Kelly.

7.     Any and all Confidential Materials furnished by Dr. Kelly are subject to the terms of this Protective Order, and accordingly those Confidential Materials shall not be modified, appealed, or otherwise altered.  Use of any Confidential Materials in discovery, at trial, or in any other manner, shall not alter the obligations set forth in this Protective Order with respect to such Confidential Materials. This Court shall retain jurisdiction over this Protective Order for purposes of enforcement and adjudication of claims concerning alleged breaches of its provisions. Such jurisdiction shall survive the termination of this lawsuit.

8.     This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the Federal Rules of Evidence and Federal Rules of Civil Procedure, except as specifically restricted herein.

9.     This Protective Order does not preclude any party from utilizing, in this action, the Confidential Materials in court, at trial, or in deposition for impeachment, or any other purposes

allowed under the Federal Rules of Evidence, but precaution shall be taken to keep the Confidential

Materials confidential.

It is so ordered this 26th day of October, 2023.

_____
Kristine G. Baker
United States District Judge